UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YU LAN, individually and on behalf of all
others similarly situated,

                              Plaintiff,

        -against-

US TIGER SECURITIES INC.,

                              Defendant.

Case No. 1:26-cv-04299 (JLR)

**<u>ORDER</u>**

JENNIFER L. ROCHON, United States District Judge:

Plaintiff Yu Lan brings this putative class action against Defendant US Tiger Securities

Inc. ("Tiger Securities"), invoking the Court's subject matter jurisdiction on the ground of

diversity of citizenship.  *See* 28 U.S.C. § 1332; *see also* Dkt. 1 (the "Complaint" or "Compl.")

¶ 17.  Plaintiff alleges that Plaintiff is a citizen of Washington.  *See* Compl. ¶ 15.  Plaintiff

alleges that Defendant Tiger Securities is a citizen of New York.  *See id.* ¶ 16.

It is well established that, under federal law, "a corporation shall be deemed to be a

citizen of every State and foreign state by which it has been incorporated and of the State or

foreign state where it has its principal place of business."  28 U.S.C. § 1332(c)(1); *accord*

*Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir.

2012); *see, e.g.*, *Kanowitz v. Broadridge Fin. Sols., Inc.*, No. 13-cv-00649 (DRH) (AKT), 2014

WL 1338370, at *9 (E.D.N.Y. Mar. 31, 2014) (applying same rule in the context of a class

action).  Thus, a complaint premised upon diversity of citizenship must allege the corporate

defendant's place of incorporation and principal place of business.  *See Radcliffe v. Wright*, No.

16-cv-09511 (GHW), 2018 WL 3187338, at *4 (S.D.N.Y. June 28, 2018) ("To adequately

establish diversity jurisdiction when a corporation is a party, a plaintiff must allege both the state

of incorporation and of the principal place of business of a corporation.").

In the present case, the Complaint fails to affirmatively plead Defendant's state of incorporation.  *See, e.g.*, *Leveraged Leasing Admin. Corp. v. PacifiCorp Cap., Inc.*, 87 F.3d 44, 47 (2d Cir. 1996) (holding that a complaint that fails to plead citizenship of relevant parties does not properly assert diversity jurisdiction).

Accordingly, it is hereby ORDERED that, on or before **June 1, 2026**, the Plaintiff shall amend the Complaint to affirmatively allege Defendant's citizenship.

Dated: May 26, 2026
      New York, New York

SO ORDERED.

_____
JENNIFER L. ROCHON
United States District Judge